## In re BERTRAM.
### Patent Appeal No. 2767.

Court of Customs and Patent Appeals.
May 27, 1931.

Paul Carpenter, of Washington, D. C. (Brendan J. McCann, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Bertram has here appealed from a decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner, rejecting, as not defining invention over the prior art, twelve claims in an application for patent relating to improvements in "Reversing Gear Mechanism." Claims 6 and 12 are quoted as illustrative:

"6. In a fluid operated reversing gear mechanism, in combination, two cylinders, a piston in each, said pistons being connected by a common piston rod, means comprising a single rotary valve for controlling the admission and exhaust of pressure from said cylinders, said means being arranged when in one position to be on lap wherein all fluid connections are closed and when moved therefrom to cause the admission of pressure to one of said cylinders and the exhaust of pressure from the other of said cylinders."

"12. In combination, a cylinder and a piston operable therein, a motion imparting lever connected to be operated by said piston for imparting movement to an element to be moved, a valve for controlling flow of fluid under pressure to said cylinder, an operating lever mounted on the same axis as said motion imparting lever, and a third lever connected to said valve and pivoted at its medial portion on a part of said operating lever and having a sliding connection at one end with said motion imparting lever."

References are cited as follows: Cunningham, 721160, February 24, 1903; Ragonnet, 930225, August 3, 1909; Hunter, 1206707, November 28, 1916; Helmholtz et al., 1208556, December 12, 1916; Stafford, 1230049, June 12, 1917; Imblum, 1258337, March 5, 1918.

The mechanism involved in appellant's combination is somewhat complicated, and is difficult of explanation except by using the technical terms and element numbers. Broadly, it comprises a motor having two cylinders and two pistons connected by a piston rod. Fluid, preferably compressed air, is admitted to the cylinders through a valve and two passages; the valve being constructed so that, when fluid is admitted to either cylinder, it is exhausted from the other, and, when in neutral position, both of the passages, above referred to, are closed.

It appears to be designed primarily as a mechanism for use in reversing locomotive engines, but the claims do not limit it to this particular use.

Every feature of claim 6 appears in the reference patent of Helmholtz and Bertram, except the single rotary valve, and this is present in Cunningham, Imblum, Hunter, Stafford and Ragonnet. Appellant has modified the valve, as shown by these references, so as to render it workable in the new relation arranged in his combination, but this modification, as he discloses it, cannot be held to be inventive as distinguished from mechanical skill.

In the brief of the Solicitor for the Patent Office, the following is recited to show that claim 12 is directly readable upon Fig. 6 of the Cunningham drawings:

" 'A cylinder' of the claim is found at I, 'a piston operable therein' at M, 'a motion imparting lever connected to be operated by said piston for imparting movement to an element to be moved' is found at OO' (O and O' both being fixed to shaft F) while Q is 'a

valve for controlling flow of fluid under pressure to said cylinder.' At K k there is 'an operating lever mounted on the same axis [the shaft F] as said motion imparting lever.' S' is 'a third lever connected to said valve' by the rod T'. (R. p. 29, l. 37–39.) This 'third lever' S' is 'pivoted at its medial portion on a part of the said operating lever' since R. p. 29, l. 39–40 mentions 'lever S', which is pivoted between its ends on the crank-pin of the arm k of lever K.' Finally, this 'third lever' S' has 'a sliding connection at one end with said motion imparting lever' OO', as the specification states (R. p. 29, l. 40–43) that 'The other end of the lever S' is forked and pivotally connected with the shorter arm of a lever O' fixed on the shaft F'.' "

Appellant traverses the Solicitor's contention that Cunningham discloses, in Fig. 6, "an operating lever mounted on the same axis as said motion imparting lever" in a manner which will enable those skilled in the art to modify Cunningham's Fig. 3 so that it will meet this element of appellant's claim 12, and says, in substance, that Cunningham does not show in the combination with an operating lever, a lever pivoted at its intermediate portion to one of the first-mentioned levers of the combination and slidably connected to the other of the levers.

The experts of the Patent Office have found against appellant on these contentions, and the demonstrations given in the arguments before us, wherein the claims were read upon the drawings and disclosures, while not easy to reproduce in writing so as to be intelligible without a minute explanation of the operation of the devices in all their parts, are convincing of the correctness of the holdings of the Examiner and the Board upon this point.

Appellant's combination is one of old elements, each of which functions in its new relation as it did in its former relation. Such modifications as are made are believed to be matters of mechanical skill and not patentable; no new or unobvious result being obtained.

It being conceded that, with the exception of the "single rotary valve" in claim 6 already discussed, claim 12 may be taken as the measure of appellant's invention, there is no necessity of discussing the minor distinctions in the other claims.

The decision of the Board of Appeals is affirmed.

Affirmed.